FILED ENTERED
LOGGED RECEIVED

APR 19 2013

AT  
CLERK U.S. DISTRICT
DISTRICT OF MARYLAND DEPUTY
BY

Case No. 13-833 WC
13-834 WC
13-835 WC

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James M. Stull, Special Agent with Homeland Security Investigations (HSI), being a duly sworn federal officer, do state as follows:

1. This affidavit is submitted in support of a criminal complaint charging **Leonaldo HARRIS; Jermaine McGREGOR;** and **Jennifer SIMS** with conspiracy to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846.

2. Your affiant is currently employed by the U. S. Department of Homeland Security, Homeland Security Investigations (HSI)[1], as a Special Agent and have been so since July 2006. As such, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. As part of my employment with HSI, I attended the Criminal Investigator Training Program, which is a twelve week basic program for all federal criminal investigators held at the Federal Law Enforcement Training Center in Glynco, Georgia. Additionally, I attended Immigration & Customs Enforcement Special Agent Training, which is an additional eleven weeks of training.

4. Your affiant is currently assigned to the Baltimore Seaport and Airport – High Intensity Drug Trafficking Area (HIDTA) Group, investigating unlawful acts and violations of federal customs law. In the course of my current employment, I have participated in numerous federal and state narcotics investigations relating to drug trafficking, drug smuggling, and money laundering violations. During the course of those investigations, I have been involved in the use of the following

---

[1] In 2010, Immigration & Customs Enforcement ("ICE") underwent a re-organization. Several investigative components of the Department of Homeland Security were merged into one investigative agency, called Homeland Security Investigations ("HSI").

1



investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short and long-term undercover operations, including reverse undercover drug operations; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance, including wire interceptions; and preparing and executing search warrants that have led to seizures of narcotics, firearms, and other contraband. The information in this affidavit is based on my personal knowledge as well as information provided to me by other law enforcement officers.

5. On April 17, 2013, the Pennsylvania State Police received information regarding two suspicious freight pallets that had arrived at YRC Freight located at 100 Roadway Drive, Carlisle, Pennsylvania 17013 from OC Box Zone located at 211 West Katella Avenue Suite D, Orange, California 92867. During a routine internal inspection of freight performed to confirm that the freight received matches the bill of lading, a YRC inspector identified a green leafy substance believed to be marijuana present in the parcels. YRC Security contacted Pennsylvania State Police who responded to the facility and conducted a field test of the green leafy substance. The field test result indicated a positive presumptive result of marijuana. Trooper Mearkle of the Pennsylvania State Police and his certified K-9 "Zigi" conducted a scan of the pallets. "Zigi" was first run on a lineup of five unrelated parcels, and did not give a positive alert while conducting this scan. Then one of the target pallets was placed into the lineup and "Zigi" ran the line-up again. At this time, "Zigi" gave a positive alert for the presence of a controlled dangerous substance inside of the pallet. Pennsylvania State Police then contacted members of the Maryland State Police Western Maryland Package Interdiction Unit regarding the aforementioned shipment of marijuana that had been encountered at the YRC Freight Company. The intended destination of the shipment is manifested as Auto Tech 10820 Hannah Street

2

Suite A, Beltsville, MD 20705. Record checks conducted on the address as well as personal observation of HSI Special Agents reveal that the proper spelling of the street name is Hanna Street. The Maryland State Police Western Maryland Package Interdiction Unit then traveled to the aforementioned YRC freight facility to take custody of the two pallets in order to conduct a controlled delivery to the intended address. The Maryland State Police Western Maryland Package Interdiction Unit applied for and obtained a Search and Seizure Warrant in the State of Maryland for the two pallets obtained from YRC Freight. A partial search was conducted in order to maintain the overall integrity of the packaging in order to facilitate a controlled delivery. The partial search identified approximately 216 pounds of a green leafy substance believed to be marijuana. A test of the aforementioned substance was performed and was shown to be a presumptive positive for the presence of marijuana. Based on the number of remaining boxes as well as the packing method utilized by the shipper, Maryland State Police Officers as well as HSI Special Agents believed the total amount of marijuana present to be in excess of 1000 pounds. This belief was supported by the fact that the approximate weight of the two pallets was 1024 pounds and 924 pounds respectively.

6. HSI Special Agents conducted surveillance on the delivery address of 10820 Hanna Street Suite A, Beltsville, Maryland 20705. HSI Agents observed a sign above the property clearly labeled "Auto Tech & HP Group Services" as well as large white number on the door identifying the address as the same.

7. On April 18, 2013, your affiant obtained a federal search and seizure warrant for the aforementioned address. On April 18, 2013, your affiant as well as additional agents of HSI Baltimore; members of the Maryland State Police Western Maryland Package Interdiction Unit; and members of the Prince George's County Police Department Narcotics Enforcement Division conducted a controlled delivery of marijuana to 10820 Hanna Street Suite A, Beltsville, Maryland



20705. Prior to the execution of the controlled delivery, while conducting surveillance, HSI Special Agents identified two vehicles in the vicinity of the address: a red Hyundai with Maryland license plate 3BA6028 and a white cargo van bearing Texas license plate ASO-1055. Law enforcement officers conducting surveillance observed that the driver of the Hyundai was a female wearing green pants and a white shirt. The female exited the vehicle approached two black males who were sitting in the white cargo van. One black male then exited the van and got into the red Hyundai. The two vehicles then departed the location. The aforementioned female then produced a set of keys and entered 10820 Hanna Street, Suite A, Beltsville, Maryland.

8. At approximately 1335 hours, the controlled delivery commenced. The two pallets were accepted and signed for by an individual later identified as **Jennifer N. SIMS**, who was the female previously observed wearing green pants and a white shirt and entering the suite. After the successful delivery of the pallets, law enforcement officers stopped the Hyundai and the cargo van. The driver of the cargo van, **Jermaine J. McGREGOR**, was stopped without incident. The driver of the Hyundai failed to yield for police and led officers on a short high speed pursuit until police were able to apprehend the driver. The driver was later identified as **Leonaldo A. HARRIS**.

9. After his arrest, **HARRIS** requested a lawyer and did not want answer any questions. **McGREGOR** was read his rights, waived those rights, and chose to speak to law enforcement officers. **McGREGOR** stated that he and **HARRIS** had been friends for a long period of time. **McGREGOR** stated that **HARRIS** had offered **McGREGOR** work if **McGREGOR** came up to Maryland from Florida, which is where **McGREGOR** was living at the time. **McGREGOR** stated that he was at 10820 Hanna Street Suite A, Beltsville, Maryland on April 18, 2013, to assist **HARRIS** in transporting marijuana to a location unknown to **McGREGOR**. **McGREGOR** stated that prior to April 18, 2013, **McGREGOR** and **HARRIS** had been in Los Angeles, California, purchasing

4

marijuana for shipment back to Maryland. **McGREGOR** stated that he and **HARRIS** had traveled to Los Angeles, California, with approximately $200,000 of U.S. currency with the purpose of purchasing narcotics for shipment to Maryland. **McGREGOR** stated that **HARRIS** utilized several individuals to transport currency in bulk to Los Angeles, California, for the purpose of purchasing marijuana for shipment to Maryland.

10. **McGREGOR** stated that on this particular trip, he and **HARRIS** had purchased approximately 1,100 to 1,300 pounds of marijuana. **McGREGOR** further stated that the two then traveled to a home in the Los Angeles, California, metropolitan area owned and or rented by **HARRIS** with the narcotics for the purpose of packing the contraband for shipment to Maryland. **McGREGOR** stated that he assisted **HARRIS** off and on and that he had conducted this type of transaction once monthly since the beginning of 2013. **McGREGOR** said that once the marijuana was delivered to the suite in Beltsville, the marijuana was removed from the boxes and then transported to a storage locker, where it was off-loaded for distribution.

11. **SIMS** was read her rights, signed a waiver of those rights, and spoke with law enforcement officers. **SIMS** stated that she works at 10820 Hanna Street Suite A, Beltsville, Maryland, for approximately $10 per hour. **SIMS** provided a current address for **HARRIS** of 5829 Wyndham Circle, Columbia, Maryland. **SIMS** stated that she stays at that address with her child and **HARRIS**. Record checks conducted found that **SIMS** has an upcoming trial date on May 1, 2013 in Howard County, Maryland, for driving on a suspended license. A review of the record reveals that **SIMS** utilized the address of 5829 Wyndham Circle, Columbia, Maryland 21044 as her address.

12. Prior to being transported to a detention facility, **SIMS** asked to be transported to 5829 Wyndham Circle, Columbia, Maryland, to obtain prescription medication that she takes on a daily



basis and to obtain clothing for her child. Officers escorted SIMS to 5829 Wyndham Circle, Columbia, Maryland. SIMS was in possession of a garage door opener that caused the garage door to 5829 Wyndham Circle, Unit 105, to open. SIMS granted consent for officers to enter the premises. At that time, SIMS and law enforcement officers entered the residence. Upon entry into the garage, a law enforcement officer observed two large boxes which were consistent with containers found at 10820 Hanna Street, Suite A, Beltsville, Maryland, during a federal search warrant executed earlier that day. Federal authorities seized 1356 pounds of marijuana from the aforementioned located. As the officer passed the boxes, he smelled what he recognized, based on his training and experience, to be an odor consistent with the odor of un-burned marijuana emanating from the boxes. A review of the signed bill of lading for the pallets also revealed that **SIMS** signed the paperwork utilizing a fictitious name of Jennifer Moreno.

13. After all three individuals and the location were secured, the search warrant for the location was executed. A search of the premises resulted in the seizure of a scale which based on my training and experience, I know can be utilized by drug traffickers to weigh out their products for further distribution and sale. Additionally, it appeared that the facility was utilized for the express purpose of receiving, breaking down, and redistributing contraband as there was no evidence of business taking place at the location. Further, there were indications that previous shipments have been received at that location. A total of 1,356 pounds of marijuana was seized from the two pallets that **HARRIS** and **McGREGOR** had shipped to 10820 Hanna Street Suite A, Beltsville, Maryland 20705, and which **SIMS** had accepted for delivery. Based on my training and experience, I know that the quantity of marijuana that was recovered is a distributable amount of marijuana.



14. Based on the foregoing, there is probable cause to believe that **HARRIS; McGREGOR; and SIMS** did conspire with others known and unknown to distribute and possess with the intent to distribute 1,000 kilograms or more of marijuana.

I, James M. Stull, affirm under penalties of perjury that the facts and circumstances recounted are true and accurate to the best of my knowledge, information and belief.

James M. Stull, Special Agent
Homeland Security Investigations

Signed to and sworn before me this 19th day of April 2013.

William Connelly
Chief United States Magistrate Judge