IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | PLAINTIFF |
| V. | * CASE NO.: PWG 13-0202 | |
| LEONALDO HARRIS | * | DEFENDANT |
| | * * * | |

## MOTION TO RESUBMIT MOTION TO WITHDRAW GUILTY PLEA

Comes Mr. Harris, by and through undersigned counsel, and for his motion he states the following in support:

On September 3, 2015, only 5 weeks after his guilty plea, Mr. Harris retained current counsel and filed a Motion to Withdraw Plea of Guilty. (DOC# 171).

On September 21, 2015, Mr. Harris filed a Memorandum in Support of his Motion to Withdraw Plea of Guilty. (DOC# 182).

On October 7, 2015, the Government filed a response to the Motion to Withdraw Guilty Plea. (DOC #185).

Mr. Harris, with consent of the Government, withdrew his motion on October 19, 2015. (DOC# 187). That motion was granted the same day. (DOC #188).

On October 7, 2016, Mr. Harris timely filed his sentencing memorandum. (DOC# 219).

Mr. Harris adopts and incorporates all arguments and facts from his original motion and memorandum (DOC#171, 182) into this motion.

Mr. Harris is asking to reopen that motion and have this Court rule on that motion to withdraw guilty plea based on the pleadings previously filed by the

parties, and also the additional affidavit that is attached to this pleading as an exhibit.

This affidavit was provided to counsel. However, originally, the affidavit and contents were mailed to the previous address of the law firm. (In Greenbelt). The affidavit is from a Mr. Byrd and the contents are self-explanatory. The statement of Mr. Byrd, if taken at face value, would support an argument that the investigative agency involved in Mr. Harris' case had knowledge of the drug activity taking place prior to the search. This would be in contravention to the testimony of Government witnesses at the suppression hearing in this matter.

The investigative agency involved in this matter, and other witnesses who testified for the Government, vehemently denied that law enforcement knew of the search the pallets in this case. Multiple days of testimony were taken on Mr. Harris' suppression motion. Mr. Harris argued that the Government was involved in searching of the suspected pallets. This Court denied the motion finding that Mr. Harris failed to show that there was a Government actor behind the search, and therefore the exclusionary rule would not apply.

Mr. Harris does not file this affidavit and motion for the purpose of delay. If this motion is denied, counsel and Mr. Harris are prepared to go forward with sentencing on the currently schedule hearing date. Mr. Harris understands that his sentencing hearing will likely not be postponed.

If sentencing remains for Friday, March 25, 2015, Mr. Harris merely asks that he be heard on his Motion to Withdraw Guilty plea as part of that hearing.

WHEREFORE, Mr. Harris asks that this affidavit be made part of the record, that his Motion to Withdraw Guilty Plea be considered, and for all other just and proper relief.

>Respectfully submitted,

>/s/_____
>Justin Eisele
>14452 Old Mill Road, Suite 201
>Upper Marlboro, Maryland 20772
>PH: 301.513.7832 FX: 443.588.0400
>justin.eisele@seddiqlaw.com

## Certificate of Service

I hereby certify that on the March 23, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all attorneys of record.

>Nicolas A Mitchell
>Office of the US Attorney for the District of Maryland
>6500 Cherrywood Lane Ste 200
>Greenbelt, MD 20770
>13013444124
>Email: nicolas.mitchell@usdoj.gov

>Leonaldo Harris
>Defendant

>/s/_____
>Justin Eisele