UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(*SOUTHERN DIVISION*)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br><br>LEONALDO HARRIS,<br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 8:13-cr-00202-PWG-1<br>)<br>)<br>)<br>)<br>) |

### MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE
### UNDER 28 U.S.C. § 2255

**COMES NOW** the defendant, Leonaldo Harris, by and through undersigned counsel and files this 28 U.S.C. § 2255 motion and moves this Court to vacate, set-aside or correct the judgment of conviction and sentence in this case. In support thereof, the defendant shows:

1. The movant (hereafter "Harris or Defendant") was charged by a Superseding Indictment Filed (March 24, 2014) in the above styled case with 6 counts arising out of his alleged possession with intent to distribute marijuana and related activities. (1) conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana; (2) possession with intent to distribute 100 kilograms of marijuana; (3) possession with intent to distribute marijuana; (4) possession of a firearm in furtherance of a drug trafficking crime; (5) using a place for the purpose of unlawfully distributing marijuana; and (6) traveling with the intent to promote an unlawful activity. [DE-94]

2. A Motion to Suppress was filed and heard in the District Court over several days with many witnesses and a defense expert. Harris did not testify during the proceedings.

1

3. On July 22, 2015, Harris appeared before the district court and pled guilty to Count One of the Superseding Indictment, pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C). [DE-163 & 164]

4. Harris was sentenced to 10 years' imprisonment and to supervised release of five years, pursuant to the Rule 11(c)(1)(C) plea. On March 29, 2016 [DE-229]

5. Harris filed a Notice of Appeal on April 7, 2016 [DE-231]

6. The Judgment was affirmed in the Fourth Circuit Court of Appeals on April 5, 2017 [DE-243]; Mandate issued on April 27, 2017 [DE-244]

7. Harris did not seek Certiorari review so his one year period to file a timely Habeas under 28 U.S.C. § 2255 began on July 5, 2016. This 2255 is timely.

8. Harris was represented by:

| | |
|---|---|
| Ronald I. Kurland<br>10 E. Chase St.<br>Baltimore MD. 21202 | Arraignment |
| Kenneth Ravenell<br>Millin Chun<br>Paula Xinis<br>One South St. 23rd Floor<br>Baltimore Md. 21202 | Pre-Trial & Suppression Hearing |
| Catherine Flynn<br>217 N. Charles St. 2nd floor<br>Baltimore, Md. 21201 | Plea Negotiations & Agreement |
| Justin Eisele<br>Mirriam Z. Seddiq<br>14452 Old Mill Road Suite 201<br>Upper Marlboro, Md. 20772 | Sentencing & Appeal |

## INEFFECTIVENESS OF COUNSEL CLAIM

In order to succeed on a claim of ineffective assistance of counsel, the defendant must successfully satisfy each part of the two-pronged test set forth in *Strickland v. Washington*, 466

U.S. 668 (1984). A defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). Id. at 687–88. The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. See id. at 687–90; *Winston v. Pearson*, 683 F.3d 489, 504 (4th Cir. 2012); *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015). A court typically evaluates claims of ineffective assistance of counsel on collateral review, *see United States v. Ford*, 88 F.3d 1350, 1363 (4th Cir. 1996), and "judicial scrutiny of counsel's performance must be highly deferential," *Roe v. FloresOrtega,* 528 U.S. 470, 477 (2000) (citation and alteration omitted). However, our review does not countenance "omissions [that] were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Competent performance is evaluated by reference to the reasonableness of counsel's decisions under "professional norms." *Padilla v. Kentucky*, 559 U.S. 356, 366–67 (2010). The Supreme Court recognizes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; See also *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element of the Strickland test, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceedings fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

### GROUND ONE

### TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO HAVE HIS EXPERT PRESENT POWER POINT PRESENTATION DURING MOTION TO SUPPRESS

Harris contends YRC, though a private company, performed the warrantless search as

an instrument or agent of the government due to its participation in the C-TPAT program, and Mr. Arrowood, the employee who searched the pallets intended to assist law enforcement through his actions, thereby triggering the protections of the Fourth Amendment.

Defense counsel rendered ineffective assistance of counsel when he failed to investigate and locate evidence that C-TPAT explicitly instructs, teaches, or encourages its members to open and search cargo prior to the motion to suppress hearing. Defense counsel became aware of the Government's denied involvement no later than January 13, 2014, that the Government had contended that there was "no evidence ... that the government affirmatively encourages YRC to conduct this search." Jan. 13, 2014, [DE 71][ Pg. 222: 10-12.]

During pretrial, defense counsel retained Barry Brandman, an expert in supply chain security and logistics.[1] Even though defense counsel was aware of the Government's denial since January 13, 2014, and the expertise of Mr. Brandman, defense counsel still failed to consult with Mr. Brandman prior to the motion to suppress hearing to ascertain, if there were other documents relating to C-TPAT's instructions and/or encouragement to its members regarding inspection and/or detection of contraband. Defense counsel's conduct fell below professional wide range of professionally competent assistance as set forth in *Strickland* when he failed to direct Mr. Brandman to investigate the existence of any information that could be used in the original motion to suppress.

**DISCUSSION**

The Fourth Amendment's warrant requirement is intended "as a restraint upon the activities of sovereign authority." *Burdea v. McDowell,* 256 U.S. 465, 475, 41 S.Ct 574, 576,

---

[1] In addition in being an expert, Mr. Brandman was the keynote speaker for United States Customs and Border Protection at their Customs-Trade Partnership Against Terrorism ("C-TPAT") conference, and the guest speaker at the C-TPAT conferences in 2008 and 2010. Mr. Brandman also attended the Spring 2007 C-TPAT Seminar in New Orleans, Louisiana. The theme for that year's seminar was "Supply Chain Security in a Post 9/11 Environment".

65 L.Ed. 1048 (1921). Though "a search [...] conducted by a private individual for *purely private reasons* does not fall within the protective ambit of the Fourth Amendment," *United States v. Lamar,* 545 F.2d 488, 489-90 (5th Cir. 1977) (emphasis added), if the private party acted as an instrument or agent of the Government, the ostensibly private search must meet the standards of the Fourth Amendment. *Lustig v. United States,* 338 U.S. 74, 79, 69 S.Ct. 1372, 1374 L.Ed. 1819 (1949).

Where a private individual conducts a warrantless search, to determine whether the Fourth Amendment applies, the Fourth Circuit considers "two primary factors": (1) "whether the Government knew of and acquiesced in the private" individual's challenged conduct; and (2) "whether the private individual *intended* to assist law enforcement or had some other independent motivation." *United States v. Jarrett,* 338 F.3d 339, 344 (4th Cir. 203) (emphasis added); *see also United States v. Ellyson,* 326 F.3d 522, 527 (4th Cir. 2003) (compressing two factors into "[o]ne highly pertinent consideration").

In *Skinner v. Railway Labor Executives' Association,* 489 U.S. 602 (1989) the Supreme Court held, "the Fourth Amendment protects against search and seizures by private parties when they are acting as agents of the government," a determination that "turns upon the degree of the government participation in the private party's activities" under "the totality of the circumstances." *Id.*

In the instant case, the Government's oversight and control over YRC's security measures constitute the Government's encouragement, endorsement, and participation. Therefore, Mr. Arrowood and YRC must be characterized as agents or instrumentalities of the Government for the Fourth Amendment purposes.

**DEFICIENT PERFORMANCE:**

Defense counsel provided ineffective assistance when he failed to instruct his expert to identify any evidence that established C-TPAT educated its members on how best to find contraband and that C-TPAT encouraged its members to deliberately open and search the shipping containers. Defense counsel was aware how vital this information was and necessary to overcome the Government's claim that YRC was never encouraged to perform this search and that this information was crucial to be used in the motion to suppress. There is no excuse for defense counsel to have retained an expert with such impeccable qualifications as Mr. Brandman and fail to request that him to investigate and locate evidence that C-TPAT explicitly instructs, teaches, or encourages its members to open and search cargo to be set forth in the motion to suppress. Defense counsel's failure to do so constitutes deficient performance. To say the least, Defense counsel's failure to have his expert investigate for this evidence was an objectively unreasonable decision based upon the facts in this case.

"Competent counsel can be expected to undertake a thorough investigation of law and facts relevant to plausible options for the defense. And while this does not require counsel to investigate every conceivable defense, any limitation on counsel's investigation *must* be supported by reasonable judgment. [...] To make a reasoned judgment about whether evidence is worth presenting; one must know what it says." *Couch v Booker,* 632 F.3d 241, 246 (6th Cir. 2011). In this case, it is clear that defense counsel failed to direct Mr. Brandman to investigate and locate the necessary evidence to support the motion to suppress. Accordingly, his legal representation was deficient. *See Strickland,* 466 U.S. at 688.

**PREJUDICE:**

Harris contends that he was prejudiced by defense counsel's deficient performance because he failed to have Mr. Brandman investigate and locate any evidence relating to C-TPAT's Instructions and / or encouragement to its members regarding inspection and / or

detection of contraband. Had defense counsel requested Mr. Brandman to locate such material, Mr. Brandman would have provided the defense with the Power Point presentation titled, "Supply Chain Security in a Post 911 Environment".[2] Which is a two-part presentation with one being subtitled "Air Container Search Procedure" and the second part "Smuggling Trends workshop" (which deals with all modes of shipping including Air, Sea, Rail and Highway Carriers, which Mr. Ravenell still failed to introduce in his untimely motion to reconsider This Power Point in its entirety would have established that C-TPAT not only educates its members on how best to find contraband, it also gives a clear idea of what C-TPAT instructs or encourages its members to do in instances where they encounter similar containers whether they are being transported by Air, Sea, Rail or Highway Carriers. The evidence would have established that C-TPAT not only educated its members on how best to find contraband, it encouraged its members to deliberately open and search the containers in order to do so. Thus, had defense counsel performed effectively, and requested Mr. Brandman to obtain the evidence for presentation at the motion to suppress hearing, there is a reasonable probability the judge would have ruled that the search violated the Fourth Amendment.

## GROUND TWO

### TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO SUBPOENA AND CALL WAYNE "BUTCH" DAY TO TESTIFY AT THE MOTION TO SUPPRESS HEARING

Harris contends that Defense Counsel was ineffective for failing to subpoena and call Wayne "Butch" Day to testify at the Motion to Suppress Hearing. The testimony that Day would

---

[2] The Power Point Presentation clarifies to what C-TPAT means when they use the word detect in its instructions to YRC in their Security Profile on pages 33,36, and 37. Thus had counsel performed effectively and requested Mr. Brandman to obtain the evidence for presentation at the Motion to Suppress Hearing, there is a reasonable probability that the Judge would have ruled that the search violated the fourth Amendment rights of the defendant.

have provided was critical for the defense to have a meaningful opportunity of success. Defense Counsel's failure to subpoena and call Day was an objectively unreasonable decision based upon the facts of this case. It is a well-established an attorney that fails to perform an adequate investigation into the facts of a particular case may render ineffective assistance of counsel. *See Hinton vs. Alabama,* 134 S.Ct. 1081, 1087-88, 188 L.Ed. 2d.1 (2014).

In the Motion to Suppress, Harris argued that YRC, though a private company, performed the search as an agent of the government due to its participation in the Customs-Trade Partnership Against Terrorism ("C-TPAP") program, and that the employee who searched the pallets, intended to assist law enforcement through his actions.

Prior to the Motion to Suppress Hearing, Harris and Defense Counsels agreed that Day was vital to their allegation and he needed to be subpoenaed and called for a successful Motion to Suppress. Day is the Vice President of Security and his function as a Compliance Officer covers terminal security matters. Day's duties included approving and signing off on YRC's Security General Plans, Code of Conduct, and the Security Department Manual. Despite the importance of Day's testimony, Defense Counsel failed to subpoena and call Day to testify at the Motion to Suppress Hearing. Defense counsel's performance was clearly deficient under *Strickland* in failing to call Day who would have testified contrary to the Government's claim that the Government does not encourage YRC to conduct these searches, and as such, his performance was deficient under prevailing professional norms. *See Strickland* 466 U.S. at 688.

Harris contends he was prejudiced by Defense Counsel's deficient performance because had Defense Counsel called Day he would have testified that YRC's Security General Plans, are security procedures/policies taken directly from the C-TPAP Security Profile and Best Practices catalog. Day would have testified that the security plans he created for YRC are influenced by

C-TPAP. Day would have admitted under oath that the literature dispensed by YRC to its employees suggest and encourage working with state, local and Federal law enforcement agencies, therefore, creating a culture at YRC where the employees have propensity in assisting law enforcement. Day's testimony would have established that when the employee searched the pallets, he performed the search as an agent of the Government and intended to assist law enforcement through his actions. Day's testimony would have substantiated the Fourth Amendment violation by YRC and the Judge would have granted the Motion to Suppress.

**WHEREFORE**, the undersigned respectfully requests this Court grant the instant motion by finding YRC acted as a government agent and Harris' 4th amendment protection was violated. In the alternative, an evidentiary hearing should be ordered allow tangible evidence and testimony in order to make factual findings relevant to the combination of evidence and testimony that was not considered in the decision to deny defendant's Motion to Suppress based upon the deficient performance of counsel.

Respectfully Submitted,

/s/ Robert D. Malove
Robert D. Malove, Esquire
*Attorney for Defendant*
Law Offices of Robert David Malove
200 S. Andrews Ave
Fort Lauderdale, Florida 33301
Telephone: (954) 861-0384
Email: Robert@RobertMaloveLaw.Com
Florida Bar: # 407283

**I HEREBY DECLARE** under penalty of perjury that I have read the foregoing and the facts contained herein are true and correct.

## OATH

I HEREBY DECLARE under penalty of perjury that I have read the foregoing and the facts contained herein are true and correct.

_____
Leonaldo Harris, *Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was duly served on all attorneys of record by filing same with this Court's CM/ECF system, on this **11** day of ~~May~~ June, 2018, which will automatically and electronically provide such copy to said attorneys of record.

*/s/ Robert David Malove*
Robert David Malove, Esq.